[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2006
THOMAS K. KAHN
CLERK

No. 05-13758
Non-Argument Calendar

_____

D. C. Docket No. 03-20155-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUNIOR RAFAEL CORRALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 9, 2006)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Junior Rafael Corrales appeals his convictions for conspiracy to possess with

intent to distribute cocaine, 21 U.S.C. § 846; conspiracy to obstruct, delay, and affect commerce by robbery, 18 U.S.C. § 1951; and conspiracy to use or carry a firearm in relation to drug trafficking, id. § 1924. Corrales argues that the district court erroneously denied his motions to suppress evidence and continue his trial. We affirm.

## I. BACKGROUND

Federal agents arrested Corrales on February 5, 2003, during the course of drug trafficking and robbery investigation. Detective Robert Christie and Detective Mitch Jacobs interviewed Corrales at a federal facility later that evening. The detectives established that Corrales understood English and was not under the influence of medication, alcohol, or drugs.

The detectives then read Corrales warnings about his rights to remain silent and have counsel, under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), from a form written in English and provided him a Spanish text of the warnings. Corrales "stated [that] he understood what [the detectives] were doing" and "he understood his Miranda warnings and his rights," but he did not want to sign a waiver form. Jacobs told Corrales "that signing the form wasn't an admission of guilt," but Corrales refused to sign a form. Corrales then discussed with the detectives his participation in the alleged criminal activity.

Corrales moved pretrial to suppress his statements to the detectives on the ground that he had not waived his Miranda rights.  A magistrate judge held a hearing, and Christie and Jacobs testified.  Christie testified that Corrales told Christie that he, Corrales, "did not want to sign, but that he would talk."  Jacobs testified that Corrales "did not want to sign the form" but "wanted to speak with us" and "wanted to give a verbal statement."  Jacobs testified that he and Christie "proceeded with the interview without the form being signed, as [Corrales] requested."

The magistrate judge found that Christie's and Jacobs's testimonies were credible.  The magistrate judge concluded that the detectives had advised Corrales of the Miranda rights, Corrales had "understood these rights," and Corrales had "knowingly, intelligently and voluntarily waived his rights and agreed to make a statement."  The magistrate judge rejected Corrales's argument that the detectives had misrepresented the Miranda rights to him when they told him that signing the form would not be an admission of guilt.  The district court adopted the recommendation of the magistrate judge and denied Corrales's motion to suppress.

On a Friday afternoon at trial, after the government had rested its case, Corrales requested a continuance until Monday because, his lawyer explained, Corrales was not "clear headed enough" to testify at that time.  Corrales explained

3

that he was "in no condition to do this today. Nobody understands my situation. I don't feel well. I am tired. I did not sleep." Corrales also explained that he was "nervous" and "very upset" and had not taken a medication that he had been taking for two years to help him sleep. Corrales refused to state whether or not he would testify on Monday. He stated instead, "I possibly will or maybe I possibly won't. I am not sure."

The court denied Corrales's request for a continuance. The trial judge explained she might have considered a continuance if she "thought that this defendant genuinely suffered from a physical or mental situation and all he needed was time; that he had expressed to me a willingness to testify, that he was going to testify, and this was merely a physical issue preventing him today." "But," the judge continued, "I have a feeling, based on Mr. Corrales's behavior today and other days, that on Monday morning we will be faced with a similar situation and we would have allowed most of the day to go." The judge explained that "I don't try to try a case merely on the basis of time. I try to give everyone a fair trial. I have done it in this case." The judge concluded that "to allow a continuance in this case is an abuse of this Court's patience, as well as the time and energy of this jury." The trial proceeded, and the jury convicted Corrales on the three counts charged in the indictment.

## II. STANDARD OF REVIEW

"A district court's ruling on a motion to suppress presents a mixed question of law and fact. This Court reviews the district court's finding of facts under the clearly erroneous standard. The district court's application of the law to those facts is subject to de novo review." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We will not reverse the decision of a district court to deny a continuance unless the district court abused its discretion. United States v. Garcia, 854 F.2d 1280, 1283 (11th Cir. 1988).

## III. DISCUSSION

Corrales first argues that he did not voluntarily, knowingly, and intelligently waive his Miranda rights. A waiver is voluntary, knowing, and intelligent when (1) "it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and (2) it was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Barbour, 70 F.3d 580, 585 (11th Cir. 1995). This argument fails.

There are two problems with Corrales's argument. First, there is no evidence that Corrales was intimidated, coerced, or deceived during his interview with Christie and Jacobs. Jacobs provided truthful information when he told

5

Corrales that signing the waiver form was not an admission of guilt. Second, there is ample evidence that Corrales was fully aware of his rights and of the consequences of waiving them. The detectives provided the <u>Miranda</u> warnings to Corrales in English and Spanish and asked Corrales if he understood the warnings, and Corrales expressed that he understood the warnings and wanted to make a statement. The district court did not err by denying the motion to suppress.

Corrales's other argument, that the district court abused its discretion by denying the continuance, also fails. The trial judge explained that she did not believe that Corrales "genuinely suffered from a physical or mental situation and all he needed was time." The trial judge was concerned that Corrales's intent was to abuse the judicial system. Based on our review of the record, we have no reason to question that judgment. The court did not abuse its discretion by denying the continuance.

**AFFIRMED.**

6